UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ISTOK ACUNA<br>CDCR #P-85538,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>MARCUS POLLARD, Warden, M. GLYNN, C.E.O.[1], R. VARGAS, Correctional Sergeant, C. GIPSON, Director of Adult Institutions, B. HENDRICKS, C.D.W., HOWARD MOSELY, Associate Director, STEADMAN, L.V.N, S. GATES, Health Care Correspondence Appeals Branch,<br><br>　　　　　　　　　　Defendants. | Case No.: 21cv1910-LL-AGS<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Alex Acuna, ("Acuna" or "Plaintiff"), currently incarcerated at Richard J. Donovan State Prison ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis ("IFP"). *See* Compl., ECF No. 1; ECF No. 2.

---

[1] The correct spelling of this Defendant's name is Glynn. *See* Compl., ECF No. 1 at 27.

1

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether the action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

---

[2] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

In support of his IFP Motion, Acuna submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *See* ECF No. 2 at 5–7; *Andrews*, 398 F.3d at 1119. The Court has reviewed Acuna's trust account activity, as well as the attached prison certificate verifying his available balances. *See* ECF No. 2 at 5–7. These documents show that Acuna carried an average monthly balance of $0.00, had average monthly deposits to his trust account for the six months preceding the filing of this action of $0.00, and an available balance of $0.00 at the time of filing. *See id*. at 5.

Therefore, the Court **GRANTS** Acuna's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee because his trust account statement shows he "has no means to pay it." *Bruce*, 577 U.S. at 84–85. The Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filling fees required by 28 U.S.C. § 1914 and forward them to the Clerk of Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *Id.*

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

### A.   Standard of Review

Because Acuna is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether Acuna has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108,

1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Acuna alleges that while he was incarcerated at RJD in December of 2020, a fellow inmate, Sancho, was placed in quarantine for a suspected case of Covid-19. Compl., ECF No. 1 at 3. According to Acuna, Sancho tested negative for Covid-19 on December 5, 2020, but remained in quarantine during which time Sancho "was exposed to infected inmates for eleven days and [and then] transferred to Echo Yard without prior Covid screening." *Id*. Following Sancho's transfer, an outbreak of Covid-19 occurred, "beginning in Sancho's 6 man cell," which spread to other cells. *Id*. On December 19, 2021, Acuna tested positive for Covid-19, which he alleges was a result of prison officials' "fail[ure] to implement proper protocol which would have stopped the spread." *Id*. On December 20, 2020, Acuna filed a grievance claiming the Covid-19 protocols implemented by RJD were insufficient and the cause of his Covid-19 infection, which was denied. *Id*. at 3–4.

On December 29, 2020, Acuna and thirty other inmates who were sick with Covid-19 and in quarantine were "asked to relocate to the gym on day 13 of the 14-day quarantine." *Id*. at 4. Acuna alleges that he and the other inmates refused to be relocated

because they were worried about being exposed to another Covid-19 variant. *Id.*; ECF No. 1-1 at 15. He further claims that "on two prior occasions during this quarantine two separate mass bed relocations occurred without any safety protocols observed which only aggravated the outbreak." Compl. at 4. Disciplinary proceedings were initiated against Acuna for his refusal. *Id.*; ECF No. 1-1 at 15.

Acuna filed several grievances alleging the Covid-19 protocols at RJD were insufficient and were contributing to the spread of Covid-19 at RJD, which were denied. *Id.*; ECF No. 1-1 at 6–14, 17–21, 24–25. Acuna also filed health care grievances on February 12 and 21, 2021, claiming he was "being discouraged from having my post-Covid-19 illnesses diagnosed and treated" which were denied. *Id.*; ECF No. 1-1 at 27–40. Acuna appealed the denials of his grievances but alleges that "none of his numerous appeals were addressed on their merits[,] but instead were time barred." Compl., ECF No. 1 at 4; ECF No. 1-1 at 6–14, 17–21, 24–25, 27–40.

According to Acuna, RJD "entered into phase 1 Covid-19 status due to another outbreak of covid" on April 19, 2021. *Id.*; ECF No. 1-1 at 40–48. Acuna alleges that under phase 1 conditions, "absolutely no inmate moves or transfers are to occur . . . . [b]ut inmate Steven Fenner #AT-9225 was transferred from Delta Yard to Echo Yard against protocol." Compl., ECF No. 1 at 4. Acuna filed a grievance alleging Fenner's transfer violated the phase 1 Covid-19 protocols, which was denied. ECF No. 1-1 at 40–41, 45. Acuna appealed the denial but received no response. *Id.* at 42–45.

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, Acuna must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was

committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Discussion

#### 1. Eighth Amendment

Although Acuna does not specifically identify the Eighth Amendment as the basis for his claims about contracting and being treated for Covid-19, when a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment . . . . must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted). Acuna's allegations are most properly interpreted as Eighth Amendment claims.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. In order to state a plausible Eighth Amendment claim for relief, a Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Prison officials have a duty to protect inmates from communicable diseases. *See, e.g.*, *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); *Hutto v. Finney*, 437 U.S. 678, 682–83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the

individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); *Cervantes*, 493 F.3d at 1050 (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases – HIV, Hepatitis C, and Heliobacter pylori – and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); *Maney v. Brown*, 516 F. Supp. 3d 1161, 1179 2021 WL 354384, at *12 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment).

Acuna lists eight defendants in his Complaint. Compl., ECF No. 1 at 1–2. But nowhere in the body of his Complaint does he explain what actions any individual defendant took or failed to take which violated his Eighth Amendment rights. An official can only be liable in a § 1983 action for his or her own misconduct. *Iqbal*, 556 U.S. at 677. "A plaintiff must allege facts, not simply conclusions, that show that [each defendant] was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim"). While the Court acknowledges Covid-19 poses a substantial risk of serious harm, *see Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [Covid-19] poses a substantial risk of serious harm" to prisoners."), in order to plead a viable Eighth Amendment claim, Acuna must provide more than conclusory statements that prison officials did not do enough to control the spread of the disease within the entire prison, did not adhere to Covid-19 protocols, or did not provide him sufficient follow-up medical care. *See Iqbal*, 556 U.S. at 678. He must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind." *Id*. at 297 (internal quotation marks, emphasis and citations omitted); *see also Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020) (sua sponte dismissing Eighth Amendment claims against the Governor for "failing to provide adequate means for prisoners to reduce their exposure to Covid-19"); *see also Blackwell v.*

*Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of Covid-19 in the prison).

Here, Acuna has not provided the Court with sufficient allegations to plausibly allege an Eighth Amendment violation because the Complaint does not contain any individualized allegations against any of the eight Defendants. *Iqbal*, 556 U.S. at 676; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (stating that an individual's liability under § 1983 "is predicated on his 'integral participation' in the alleged violation") (quoting *Chuman v. Wright*, 76 F.3d 292, 294–95 (9th Cir. 1996)); *see also Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370-BAM PC, 2021 WL 4077960, at *6 (E.D. Cal. Sept. 8, 2021) ("In order to state a cognizable Eighth Amendment claim against the warden and the Health Executive Officer, Plaintiff must provide more than generalized allegations that the warden and the Health Executive Officer have not done enough regarding control the spread [of Covid-19]."), report and recommendation adopted, 2021 WL 4593841 (E.D. Cal. Oct. 6, 2021). Thus, Plaintiff's Eighth Amendment claims must be dismissed sua sponte for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 2. Grievance Procedure/Due Process

Acuna faults Defendants for failing to respond to his appeals within the sixty-day time limit set by Title 15, § 3486(i)(10), resulting in the response to his appeals being "time expired" and no decisions on the merits of his appeals. Compl., ECF No. 1 at 4; ECF No. 1-1 at 9, 24–25, 48. As with his Eighth Amendment claims, the Complaint does not contain any individualized allegations regarding the handling of his grievances against any of the eight Defendants. As noted above, an official can only be liable in a § 1983 action for his or her own misconduct. *Iqbal*, 556 U.S. at 677. While Acuna has attached forty-eight pages of grievances and appeals he filed regarding the Covid-19 situation at RJD, some of which are signed by various Defendants, "'a pro se litigant cannot simply dump a stack of exhibits

on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim.'" *Thomas v. Donovan*, No. 3:19-CV-02181-JAH-RBB, 2020 WL 5106663, at *5 (S.D. Cal. Aug. 28, 2020) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017)). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011). Thus, without any specific allegations about what each Defendant did or did not do to violate his civil rights, Acuna has failed to state a plausible claim for relief pursuant to 42 U.S.C. § 1983.

Further, "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of . . . . prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), report and recommendation adopted sub nom. *Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no

right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."). Accordingly, Acuna has failed to state a plausible due process claim against any Defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### III.  Conclusion and Order

Based on the foregoing, the Court:

(1)  **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2);

(2)  **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO HIS ACTION;

(3)  **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

(4)  **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

(5)  **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be

"considered waived if not repled").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED.**

DATED: January 20, 2022

Hon. Linda Lopez
United States District Judge