UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX I. ACUNA,<br>CDCR #P-85538,<br><br>                                Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, et al.,<br><br>                              Defendants. | Case No. 21cv01910-LL-AGS<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Alex Acuna ("Plaintiff" or "Acuna"), while incarcerated at R.J. Donovan State Prison in San Diego, California, and proceeding pro se, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 on October 29, 2021 in the United States District Court for the Northern District of California. *See* "Compl.," ECF No. 1 at 1. The case was transferred to this Court on November 10, 2021. *See* ECF No. 4. In his Complaint, Acuna claimed prison officials were not protecting inmates from Covid-19 and that he contracted the disease as a result. *Id.* at 3–4.

### I.    Procedural History

Acuna did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. On January 20, 2022, the Court granted Acuna's Motion to Proceed IFP, but dismissed his Complaint for failing to state claim

pursuant to 28 U.S.C. § 1915(e)(2)) and § 1915A(b). *See* ECF No. 7. Acuna was notified of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. *Id.* at 6–11. Acuna was also warned his failure to amend would result in the dismissal of his case. *Id.* at 11, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")

Acuna's Amended Complaint was due on or before March 7, 2022. More than four weeks have elapsed since that time, but to date, Acuna has failed to amend, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that [he] will not do so – is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.     Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and his failure to prosecute as required by Court's January 20, 2022 Order requiring amendment.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  April 11, 2022

Honorable Linda Lopez
United States District Judge